KLEIN, J.
The buyer of commercial real estate appeals a summary judgment entered against it on its claims against the sellers for breach of contract and fraud. We affirm in part and reverse in part.
The sellers owned two parcels of land adjacent to land on which the buyer was operating a business. On one of the two parcels there was a restaurant which disposed of its sewage in a sewage dozing field on the second parcel. The sellers entered into a contract to sell the parcel containing the dozing field to the buyer, and the contract provided that the property was being sold “as is,” and “without any warranty or representation of Seller of any type whatsoever, except as expressly set forth herein.” The contract also provided that it was the entire agreement.
After the contract was signed, but before closing, the buyer became aware of the sewage problem. The parties then entered into a second contract, which provided that the buyer’s contractor would design and build, with approval and funding by sellers, a sewer line, remove the dozing field, and provided for other obligations. The second agreement was signed in October 1999, and the closing of the sale occurred in January 2000.
The buyer filed this suit against sellers in August 2001, alleging breach of contract and fraud. These theories were based on fraudulent representations of sellers regarding both contracts and failure to perform the second contract.
We affirm the summary judgment as to the fraud claim based on the first contract, because the buyer, before closing, became aware of the problem and still closed. Accordingly, the element of justifiable reliance, which is necessary to prove fraud, could not have been established. Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp., 850 So.2d 536, 542-43 (Fla. 5th DCA 2003) (“party may not recover in fraud for an alleged false statement when proper disclosure of the truth is subsequently revealed in a written agreement between the parties”).
We cannot agree, however, that the summary judgment was proper as to the fraud or breach of contract claims based on the second contract, which required correction of the dozing field. The buyer alleges that the sellers, when they entered into the second contract, had no intention of performing it. The buyers further allege that they closed in reliance on sellers performing the second contract. These facts, if proven, could constitute fraud. Thor Bear, Inc. v. Crocker Mizner Park, 648 So.2d 168 (Fla. 4th DCA 1994) (a promise to perform an action in the future, made with no intention of performing, can be fraud). The sellers did not, on their motion for summary judgment, demonstrate the nonexistence of genuine material issues of fact as to fraud, or breach of contract, in regard to the second contract.
We accordingly reverse the summary judgment as to the fraud and breach of contract claims involving the second contract, but affirm as to all claims based on the first contract. We have not overlooked defendant’s arguments on damages; however, we have concluded that these arguments would not, on the state of this record, entitle defendants to a summary judgment. We find no error in the denial of the motion to amend which was filed on *357 the eve of trial.[1]
Affirmed in part and reversed in part.
BERGER, WILLIAM, J., Associate Judge, concurs.
FARMER, J., dissents with opinion.

. As to Judge Farmer's dissent, the second written agreement, on which our reversal is based, provided that "DOP’s contractor shall complete the actual construction and Com will pay the construction costs for extending the water and sewer lines to the restaurant property line .... and shall be approved by Corn in writing prior to commencement of construction." (E.S.) This agreement was signed in October 1999, and the sale closed in January 2000. When D.O.P. filed this lawsuit twenty months later, in August 2001, it alleged that the dozing field had still not been removed because Corn had not lived up to his obligations, one of which required him to approve the work before commencement of construction.
In response to the seller’s motion for summary judgment, the buyer filed an affidavit by its representative. He stated that when the buyer provided the sellers with the quote of the price from its contractor to remove the dozing field and construct the sewage system, the sellers responded that the cost was too high and that the sellers would remove the dozing field and construct the sewage system on their own.